UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLY S. ALI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIM HOSPITALITY LLC CROWNE PLAZA SAN FRANCISCO AIRPORT HOTEL, et al.,<br><br>　　　　　Defendant. | 1:16-cv-00523-LJO-BAM<br><br>ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA |

　　　　Plaintiff Wally S. Ali ("Plaintiff") has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff is a resident of California and alleges that Defendant Rim Hospitality LLC is a California Corporation operating the Crowne Plaza Hotel San Francisco.

　　　　The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §

1391(b).

In this case, there is no indication Defendant Rim Hospitality LLC has sufficient contacts to be deemed a resident of this judicial district. 28 U.S.C. § 1391(d) (corporation deemed to reside in any district in state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state). However, according to the complaint, the claims at issue arose at the Crowne Plaza San Francisco Airport Hotel, which is located in the Northern District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Ravelo Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000). Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

By this order, this Court does not rule on Plaintiff's application to proceed in forma pauperis and request for service, without prepayment of costs, by the United States Marshal.

IT IS SO ORDERED.

Dated:   **April 18, 2016**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE